In the Matter of JOHN J. HAYDEN (Admitted as JOHN J. HAYDEN III), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, October 16, 1989

### APPEARANCES OF COUNSEL

*Gary L. Casella (Etta M. Biloon* of counsel), for petitioner.

*John J. Hayden,* respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

The respondent was admitted to the practice of law by the Appellate Division, First Judicial Department, on March 22,

1965, under the name John J. Hayden III. In this proceeding the Special Referee sustained the two charges of professional misconduct. The petitioner moves to confirm the report of the Special Referee and respondent cross-moves to disaffirm the report.

Charge one alleged, *inter alia,* that the respondent was guilty of neglecting a legal matter entrusted to him. The respondent was retained in September 1984 to prosecute a criminal appeal in the Appellate Division, Third Department. He was paid a $4,000 retainer fee. A draft of the appellant's brief was not forwarded to the client until May 1, 1986. Thereafter, the respondent moved to be relieved as counsel, which motion was denied by order dated September 26, 1986, without prejudice to renew upon filing proof of service of the motion papers upon the client. The client advised the respondent that he was pleased with the brief and requested that the appeal be perfected. However, the respondent took no further action until in or about June 1987 when he renewed his motion to withdraw as counsel. By order dated August 19, 1987, the motion to withdraw was denied and the respondent was directed to perfect the appeal by October 5, 1987. By order dated November 19, 1987, the respondent was granted a further extension of time to perfect the appeal until November 20, 1987. By letter dated November 12, 1987, the respondent for the first time requested that the sentencing minutes required for the appeal be transcribed by the court reporter. The respondent forwarded the brief, Appendix, and a copy of the trial minutes to the court on November 19, 1987, but the court returned the brief and minutes to the respondent on November 24, 1987, with a request for certain revisions and directed the respondent to file a record, which is required by the court.

Charge two alleged that the respondent was guilty of neglecting a client's criminal appeal to this court while the client remained incarcerated for a period in excess of two years. In January 1985 the respondent was paid about $5,000 by his client to handle the criminal appeal. The sentencing minutes were made available on July 8, 1985, but the respondent delayed until March 13, 1986, to move for leave to prosecute the appeal as a poor person on the original record and typewritten briefs. The respondent filed the brief on or about April 9, 1986, but failed to file the record on appeal. On April 22, 1986, this court denied his motion for leave to prosecute the appeal as a poor person without prejudice to

renew upon papers setting forth the legal fees paid to trial and appellate counsel. The respondent did not renew the motion until November 1986. The motion was granted by this court on January 20, 1987.

After reviewing all of the evidence, we are in agreement with the report of the Special Referee sustaining the two charges of professional misconduct. We find the respondent guilty of all the misconduct outlined above. The petitioner's motion to confirm the report of the Special Referee is granted and the respondent's cross motion to disaffirm the report of the Special Referee is denied.

In determining an appropriate measure of discipline to be imposed, we note that the respondent was previously publicly censured by this court, also for having neglected an appeal *(Matter of Hayden,* 82 AD2d 459). Accordingly, the respondent is suspended from the practice of law for a period of one year commencing November 15, 1989, and continuing until the further order of this court.

MOLLEN, P. J., MANGANO, THOMPSON, BRACKEN and SPATT, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent's cross motion to disaffirm the report of the Special Referee is denied; and it is further,

Ordered that the respondent, John J. Hayden, is suspended from the practice of law for a period of one year, commencing November 15, 1989, and continuing until the further order of this court with leave to respondent to apply for reinstatement after the expiration of that period of one year upon furnishing satisfactory proof (a) that during that period he has actually refrained from practicing or attempting to practice as an attorney and counselor-at-law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this court, the respondent John J. Hayden is commanded to desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as

an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application, or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.